IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIMITAR PETLECHKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-02174-JTF-tmp |
| | ) |
| MICHAEL J. STENGEL d/b/a | ) |
| STENGEL LAW FIRM, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING AS FUTILE PLAINTIFF'S MOTION FOR LEAVE TO AMEND; ORDERING PLAINTIFF TO SHOW CAUSE**

Before the Court are two motions. First is Defendant Michael J. Stengel's Motion to Dismiss Plaintiff Dimitar Petlechkov's First Amended Complaint pursuant to Rule 12(b)(6) and accompanying Memorandum of Law in support thereof, filed on August 1, 2023. (ECF Nos. 46 & 47.) Petlechkov responded on August 8, 2023, and Stengel replied on August 22, 2023. (ECF Nos. 48 & 58.) Petlechkov filed a sur-reply on November 29, 2023. (ECF No. 95.) Second is Petlechkov's Motion for Leave to Amend Complaint, filed on August 8, 2023. (ECF No. 49.) Stengel responded on August 22, 2023. (ECF No. 57.) For the reasons set forth below, Petlechkov's Motion for Leave to Amend Complaint is **DENIED AS FUTILE** and Stengel's Motion to Dismiss is **GRANTED**. Petlechkov is **ORDERED TO SHOW CAUSE** why the Court should not impose a pre-filing restriction subject to the conditions described in Sec. V below.

## I.     FACTUAL BACKGROUND[1]

### A.  Criminal Proceedings and Initial Appeals

Petlechkov commenced this malpractice action on March 9, 2020, alleging that his former criminal defense attorney, Stengel, committed legal malpractice in a federal criminal case before Judge Jon McCalla, *United States v. Petlechkov*, No. 17-cr-20344 (W.D. Tenn), involving, *inter alia*, mail fraud charges (the "Criminal Case"). (ECF No. 1.) This fraud pertained to Petletchkov's procurement of a steep shipping discount that FedEx gives to high-volume customers.  Petletchkov was able to obtain the shipping discount by posing as a vendor for one such customer. He then used the fraudulently obtained discount to offer shipping services to others at a lesser discount. Petletchkov then pocketed the difference between what he charged the third parties and what he paid FedEx. *See United States v. Petlechkov*, No. 21-5174, 2022 WL 168651, at *1 (6th Cir. Jan. 19, 2022), *cert. denied,* 142 S. Ct. 2763, 213 L. Ed. 2d 1005 (2022); *see also United States v. Petlechkov*, 72 F.4th 699, 703 (6th Cir. 2023), *reh'g denied*, No. 22-6043, 2023 WL 5498389 (6th Cir. July 6, 2023).

In April 2018, a jury found Petlechkov guilty in the Criminal Case. (No. 17-20344, ECF No. 64). Stengel filed an appeal on his behalf. (No. 17-20344, ECF No. 136.) On May 1, 2019, the Sixth Circuit affirmed Petlechkov's conviction on three counts, dismissed the remaining counts due to deficiencies in the Government's proof of venue, vacated his sentence, and remanded for resentencing. *See United States v. Petlechkov*, 922 F.3d 762, 771 (6th Cir. 2019).

Judge McCalla resentenced Petlechkov and entered the Second Amended Judgment reflecting the Sixth Circuit's ruling on July 7, 2020. (No. 17-20344, ECF No. 244.) He was again sentenced

---

[1] The Court assumes the parties' familiarity with the facts of this case and provides only the facts relevant to the Motion to Dismiss. For a more thorough presentation of the facts and history of this case, see the Court's November 29, 2023 Order Granting Motion to Reinstate Stay of Proceedings. (ECF No. 96.)

to 37-months incarceration as to each of the three counts, to be served concurrently, referred for deportation proceedings after serving his sentence, and ordered to pay $801,219.02 in restitution to FedEx. (*Id.* at 2, 6.) The court also ordered the forfeiture of Petlechkov's three condominium units in Georgia to satisfy a $367,099,62 personal money judgment. (No. 17-20344, ECF No. 306.)

### B. Habeas Petition

On July 22, 2019, after his conviction was affirmed, Petlechkov filed a 28 U.S.C. § 2255 petition to vacate, set aside, or correct sentence in Case No. 19-2467. There, he alleged that Stengel rendered ineffective assistance of counsel ("IAC") by failing to impeach a key witness for the prosecution at trial, Andrew Newborn. *Petlechkov v. United States*, No. 19-2467 (W.D. Tenn) (ECF No. 1). Judge McCalla initially dismissed Petlechkov's petition without prejudice because he had yet to be resentenced. (No. 19-2467, ECF No. 7 (sealed).) On February 23, 2021, Judge McCalla denied the § 2255 petition on the merits upon finding that the succinctness of Stengel's cross examination of Newborn was a strategic decision, and denied a certificate of appealability. (No. 19-2467, ECF No. 22.) On March 15, 2021, Petlechkov appealed this decision and sought a certificate of appealability from the Sixth Circuit. (No. 19-2467, ECF No. 24.) The Sixth Circuit affirmed the decision and denied Petlechkov a certificate of appealability. *Petlechkov v. United States*, No. 21-5263, 2021 WL 7085173, at *3 (6th Cir. Aug. 23, 2021). The Sixth Circuit then denied his petition for a panel rehearing on September 28, 2021. (ECF No. 47-8, 2.)

### C. First and Second *Coram Nobis* Petitions

On February 22, 2022, Petlechkov brought his first *coram nobis* petition. (No. 17-20344, ECF No. 311.) There, he challenged the calculation of the restitution award, arguing that the district court overestimated the losses his fraud caused, and contending that FedEx is not a "victim" under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. (*Id.*) He filed a second *coram*

3

*nobis* petition on June 7, 2022 before Judge McCalla ruled on his first petition. (No. 17-20344, ECF No. 328.) There, Petlechkov brought two claims for ineffective assistance of counsel: one related to his resentencing and the other related to his second appeal. (*Id.*) On November 29, 2022, Judge McCalla denied both petitions upon finding that Petlechkov had already litigated and lost these issues on appeal. (No. 17-20344, ECF No. 337.) Petlechkov appealed this decision on November 29, 2022. (No. 17-20344, ECF No. 339.) The Sixth Circuit affirmed the decision, finding that Petlechkov's restitution arguments failed because they were previously raised and rejected on appeal. *Petlechkov*, 72 F.4th at 708. The Sixth Circuit also held that the two IAC claims were meritless. *Id.*

### D. Third *Coram Nobis* Petition

On December 1, 2022, Petlechkov brought his third *coram nobis* petition. Judge McCalla summarized the substance of this *coram nobis* petition as follows:

> [Petlechkov's] central argument is that without the statement of Andrew Newbon, which he contends is perjured, he would not have been convicted because, in short, there would have been no evidence that the FedEx employees who signed off on his discount after he misrepresented himself as a vendor were ordinary, prudent people, and therefore the government would not have met the materiality element of the crime charged. He argues that further investigation would have revealed that Newbon's testimony was perjured and discovered rebutting witnesses, citing Andrew Newbon's deposition from his 2015 civil trial, the 2016 deposition of Olivia Waites, and an undated, unauthenticated report.

(No. 17-20344, ECF No. 458, 8.) On April 24, 2024, Judge McCalla denied Petlechkov's third *coram nobis* petition, finding that the petition reasserts a claim used as defense strategy at trial and rejected at least twice at the Sixth Circuit, "this time in the guise of an ineffective assistance of counsel claim." (*Id.* at 11.)

## II. PROCEDURAL HISTORY

In Petlechkov's initial Complaint dated March 9, 2020, he alleged that Stengel committed malpractice by "failing to impeach the key government witness at trial whose testimony was the

4

only evidence presented by the federal government of [his] guilt." (*Id.* at 2.) Petlechkov stated that he did not become aware of Stengel's "negligent and wrongful conduct" until July 2019. (*Id.* at 3.) He claimed that Stengel caused his "wrongful convict[ion] and imprison[ment] for 2 years as well as an immigration detainer lodged against him." (*Id.* at 2.) On March 16, 2020, Petlechkov filed his First Amended Complaint that is substantively nearly identical to his initial Complaint. (ECF No. 4.)

On June 26, 2020, Stengel filed an unopposed motion to stay, arguing that such relief was warranted because Petlechkov had yet to be exonerated, which is required to maintain a malpractice claim against a criminal defense attorney pursuant to Tennessee's exoneration rule. (ECF No. 13, 3-4.) The presiding judge at the time, Judge Mark Norris, granted the motion on July 29, 2020. (ECF No. 14.) Judge Norris extended the stay on December 8, 2022, and February 3, 2023. (ECF Nos. 36 & 39.) He lifted the stay, and then entered a scheduling order on July 14, 2023. (ECF Nos. 40 & 41.)

Stengel filed his Motion to Dismiss pursuant to Rule 12(b)(6) on August 1, 2023, arguing that this case ought to be dismissed under applicable Tennessee law because Petlechkov has not been exonerated. (ECF No. 47, 6.) In response, Petlechkov insists that the Motion to Dismiss should be denied because he still has a pending petition to vacate his conviction. (ECF No. 48, 5.) Stengel maintains that the pending *coram nobis* petition is irrelevant because Petlechkov raised the same issues in his § 2255 petition which was denied on the merits, meaning that he cannot prevail by relitigating the same issues in his first, second, or third *coram nobis* petitions. (ECF No. 58, 7-8.) Alternatively, Stengel had requested that the Court grant his August 18, 2023 motion to reimpose stay of proceedings pending the resolution of Petlechkov's latest *coram nobis* petition

(ECF No. 52). (*Id.* at 8.) In his November 29, 2023 sur-reply, Petlechkov objected to Stengel's raising of arguments for the first time in his reply. (ECF No. 95, 2.)

This case was reassigned to the undersigned on September 19, 2023. (ECF No. 70.) On November 29, 2023, upon finding that Petlechkov had not been exonerated and that such relief was highly unlikely to come to pass, the Court reimposed the stay until the resolution of his then-pending *coram nobis* petition. (ECF No. 96.) The Court also denied Petlechkov's motion to reconsider that order on December 28, 2023. (ECF No. 99.) On February 28, 2024, he moved for an extension of time to appeal these two orders, which the Court denied on March 20, 2024. (ECF No. 104.) Undeterred, Petlechkov appealed that denial on March 20, 2024. (ECF No. 105.) He also filed a mandamus petition seeking to lift the stay. (ECF No. 108, 3.) On April 30, 2024, Petlechkov filed his Motion to Vacate Stay of All Proceedings, arguing that the stay should be lifted now that Judge McCalla has denied his latest *coram nobis* petition. (*Id.* at 1.)

### III.    GOVERNING LAW AND LEGAL STANDARD

The Court has original jurisdiction to adjudicate Petlechkov's claims under 28 U.S.C. § 1332(a)(2), because this action is between the citizen of a State and a citizen of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00). To the extent that Petlechkov has sought relief under state and common law, Tennessee law governs his claim. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (directing federal courts to apply state substantive law and federal procedural law).

Under Tennessee law, a plaintiff pursuing a claim of legal malpractice must show (1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). In cases in which the plaintiff is a criminal defendant who is suing the lawyer who represented him in a criminal case, the Tennessee Supreme Court in *Gibson* added a sixth requirement "that a plaintiff cannot prevail in a criminal malpractice case against his defense lawyer unless he proves that he has obtained post-conviction relief." *Id.* at 117.

## IV.   ANALYSIS

Stengel contends that dismissal is warranted because Petlechkov has failed to obtain post-conviction relief. (ECF No.47, 6.) He points out that Petlechkov's IAC claims have been repeatedly dismissed with prejudice by the Judge McCalla and affirmed on appeal by the Sixth Circuit. (*Id.*) This is relevant because Petlechkov must prove that he has obtained post-conviction relief to prevail on his malpractice claim. *Gibson*, 58 S.W.3d at 117. The Court reviews Petlechkov's various filings in search of his answer to the simple question: why should this case not be dismissed when he has still not obtained post-conviction relief?

Based on Petlechkov's 5-page response and 6-page sur-reply, his answer is that the case should proceed because he had a pending *coram nobis* petition at the time that these briefings were filed. (ECF Nos. 48, 2 & 95, 2.) In its November Order, the Court agreed that dismissal would be improper under these circumstances and therefore opted to stay the action until the petition was resolved. (ECF No. 96.) As Petlechkov acknowledges in his Motion to Vacate, his most recent *coram nobis* petition has now been denied, so this argument is no longer relevant. His proposed amended complaint likewise fails to present any reason why this case should not be dismissed. (*See* ECF No. 49.)

In his inevitable motion for reconsideration of this decision, as well as his "Emergency Motion" seeking some unusual form of relief, petition for writ of mandamus, motion for expedited

relief, and motion for rehearing en banc that have all come to be defining hallmarks of Petlechkov's *pro se* appellate repertoire, he will likely repeat his argument from his opposition to the motion to reimpose stay that he is entitled to prolong this meritless case to secure exculpatory evidence to use in his criminal case. (*See* ECF No. 54, 5.) The Court explained in its November Order that he is not entitled to drag out meritless cases to secure discovery for other, previously filed meritless cases or motions, and it finds no reason to change course here. The caselaw is clear that "the validity of criminal convictions are not designed to be tested in the civil tort arena." *Avery v. Blackburn*, No. M202101482COAR3CV, 2022 WL 3905089, at *7 (Tenn. Ct. App. Aug. 31, 2022) (quoting *Gibson v. Trant*, 58 S.W.3d at 112-13). Therefore, this answer to the question similarly fails to persuade.

As explained above, Petlechkov has not presented a viable argument supporting his claim that this case should not be dismissed pursuant to Rule 12(b)(6)—and based upon the Court's own review of the relevant caselaw, no such argument exists. Because his proposed amended complaint also fails to withstand a motion to dismiss, leave to amend is **DENIED AS FUTILE**. This case is **DISMISSED WITH PREJUDICE.**

## V.     ORDER TO SHOW CAUSE

Following his fraud conviction, Petlechkov has become a prolific *pro se* plaintiff. He specializes in (1) collateral challenges to his conviction;[2] (2) challenges to the restitutionary and punitive consequences of his conviction;[3] (3) frivolous suits against FedEx, the company he

---

[2] *See Petlechkov*, 72 F.4th at 707 (affirming the denial of Petlechkov's *coram nobis* petition); *see also Petlechkov v. United States of America*, No. 19-2467 (W.D. Tenn.) (ECF No. 22) (dismissing Petlechkov's § 2255 petition); *Petlechkov v. Giles*, No. 21-0006 (M.D. Ga.) (Petlechkov's § 2241 petition that was dismissed as meritless).

[3] *See Petlechkov v. FedEx Corporation and Merrick B. Garland*, No. 23-2073 (W.D. Tenn.) (ECF No. 13) (dismissing case seeking to, *inter alia,* enjoin United States Attorney General Merrick Garland from enforcing the restitution order in his criminal case); *see also Petlechkov v. U.S. Att'y Gen.*, No. 20-14861, 2023 WL 3013305, at *1 (11th Cir. Apr. 20, 2023) (reviewing a decision of the Board of Immigration Appeals related to Petlechkov); *Petlechkov v. United States of America*, No. 22-2908 (N.D. Tex.) (Petlechkov's currently pending Federal Tort Claims Act case against the United States for denying him good conduct time while incarcerated); *Petlechkov v. United States*

defrauded;[4] and (4) meritless suits against anyone with any connection to his criminal case or the properties identified in the forfeiture order.[5]

As described in this Order, Petlechkov has commenced numerous actions that appear to have no other purpose but to harass parties with any connection to his criminal conviction. Worse yet, Petlechkov's cases consume a greater amount of judicial resources (to say nothing of the burden placed upon the defendants) than the cases of most *pro se* litigants because he manufactures complicated legal disputes that necessitate the Court's reading and consideration of all of his prior cases, and presents layers of bad faith arguments to cut through. Regardless of whether a *pro se* litigant pays the requisite fee or files in *forma pauperis*, if a party repeatedly files frivolous or malicious lawsuits, this Court may deem them to be a vexatious litigant, and impose pre-filing restrictions to reduce the burden that such litigation places on judicial resources. *See Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)).

Rule 11 of the Federal Rules of Civil Procedure also exists as a check on the filing of even a single frivolous lawsuit. Rule 11(b) applies to *pro se* litigants and attorneys alike, and states that

---

*of America*, No. 23-1789 (Fed. Cl.) (another pending challenge to the forfeiture order); *Petlechov v. United States, et al.*, No. 22-3200 (N.D. Ga.) (ECF No. 13) (dismissing as meritless Petlechkov's case seeking relief from the forfeiture order in the criminal case); *Petlechov v. United States*, No. 24-0434 (N.D. Ga.) (pending case that appears to be a duplicate of No. 22-3200); *Petlechkov*, 72 F.4th at 707 (vacating in part the final restitution order, dismissing as meritless Petlechkov's sanctions and *coram nobis* claims); *USA v. Dimitar Petlechkov, et al.*, No. 23-5803 (6th Cir.) (pending appeal of the final restitution order).

[4] *See Petlechkov v. FedEx Corp.*, No. 23-12259, 2024 WL 729006, at *1 (11th Cir. Feb. 22, 2024) (affirming the district court's order dismissing Petlechkov's Georgia RICO claim against FedEx on a frivolity determination); *see also Petlechkov v. FedEx Corporation and Merrick B. Garland*, No. 23-2073 (W.D. Tenn.) (ECF No. 13) (dismissing unjust enrichment claim against FedEx); *Petlechkov v. Stengel*, No. 20-2174 (W.D. Tenn.) (ECF No. 96) (meritless malpractice case); *Petlechkov v. FedEx et al.,* No. 23-2231 (W.D. Tenn) (ECF No. 27) (R&R addressing Petlechkov's attempts to seek declaratory relief that he has a First Amendment right to run a website where he defames certain FedEx employees that he believes wronged him).

[5] *See Petleshkova v. Gee*, No 22-2411 (W.D. Tenn.) (ECF No. 64) (order granting Petlechkov's mother's motion to voluntarily dismiss her malpractice case against the attorney who represented her during the forfeiture hearing just before the case was going to be dismissed for lack of standing); *Petlechkov v. Gilmer et al.*, No. 24-0658 (N.D. Ga.) (ECF No. 8) (dismissing as frivolous Petlechkov's RICO case against a condominium association and its members relating to their decision to not allow him to lease out the condominiums that are subject to the forfeiture order because he not obtained a leasing permit).

by filing a pleading, the party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

*Id.* When a *pro se* litigant fails to comply with Rule 11, a court "may impose an appropriate sanction." Rule 11(c). Under Rule 11(c)(3) a court may impose sanctions on its own initiative, after directing the party "to show cause why conduct specifically described in the order has not violated Rule 11(b).

Here the Court finds that this case appears to violate Rule 11(b)(1) and (b)(2) in that it is brought to harass Stengel as well as Judge McCalla and FedEx who were dragged into this suit via third-party subpoenas for no apparent reason, and there exists no current law or nonfrivolous basis for changing the law that permits this case to move forward. None of these findings should come as a surprise, as Judge McCalla previously found that "[Petlechkov uses] his filings to imply that Circuit Judges are unfairly biased towards the insult the prosecutor and others, allege that the Court is engaged in wrongful conduct, insult other judges in the Western District, warn the Court and others of continued motion practice and wield presumed favorable future Circuit rulings as a threat, invoke inflammatory comparisons, and criticize the Court's management of its docket as a whole. Filings likewise include unprofessional language." (*United States v. Petlechkov*, No. 17-20344 (W.D. Tenn) (ECF No. 458) (citations omitted).

Following an exhaustive review of Petlechkov's many legal proceedings, the Court has taken note of the dismissals predicated on frivolity determinations and prior warnings from the

10

undersigned, Judge McCalla, and judges in the Northern District of Georgia that have gone unheeded. In so doing, the Court has reached the conclusion that it must act to prevent Petlechkov from continuing to monopolize this district court's recourses and harassing parties through his vexatious litigation practices. Specifically, the Court intends to bar Petlechkov from filing new *pro se* actions in this district court without a certificate from a magistrate judge of this district court or an attorney who is a member of the bar of this court that the claims asserted therein are not frivolous, and that the suit is not brought for any improper purpose. Such relief is not unheard of in the Sixth Circuit. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997) (Table, text available at 1997 WL 321112, requiring prefiling certification by attorney); *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001) (requiring prefiling certification by attorney or a magistrate judge).

    The Court is convinced that the measures outlined above are an appropriate means of halting Petlechkov's abusive litigation, and that this was entirely foreseeable to him based on the many warnings that he has received from two judges in this district court and multiple judges in the Northern District of Georgia relating to these practices. However, in the interest of rigorously clarifying the record for Petlechkov's inevitable blockbuster appeal of this decision, the Court **ORDERS** Petlechkov to **SHOW CAUSE** why this Court should not impose a pre-filing restriction on him consistent with the terms outlined above. Within 14 days of this Order's entry, Petlechkov shall file a brief **NOT EXCEEDING 10 PAGES** responsive to that question. Should Petlechkov fail to file a response, the Court will construe his non-response as a concession. Until the Court makes its determination on this matter, it will not file a judgment in this case or accept any new substantive motions from the parties.

## VI. CONCLUSION

Consistent with the foregoing, Petlechkov's Motion for Leave to Amend Complaint is **DENIED AS FUTILE**, and this case is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Rule 12(b)(6). Also, Petlechkov is **ORDERED TO SHOW CAUSE** why the Court should not impose a pre-filing restriction prohibiting him from commencing any new *pro se* lawsuits in this district court without first obtaining a certificate from a magistrate judge of this district or an attorney who is a member of the bar of this court that the claims asserted therein are not frivolous, and that the suit is not brought for any improper purpose. Petlechkov is **DIRECTED** to file a brief not exceeding 10 pages that is responsive to this request within 14 days of this Order's entry.

**IT IS SO ORDERED**, this 8th day of May, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE