IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIMITAR PETLECHKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-2174-JTF-tmp |
| | ) |
| MICHAEL J. STENGEL d/b/a | ) |
| STENGEL LAW FIRM, | ) |
| | ) |
| Defendant. | ) |

### ORDER DENYING MOTION FOR INDICATIVE RULING

After dismissing *pro se* Plaintiff Dimitar Petlechkov's malpractice and trademark actions, the Court ultimately imposed a pre-filing restriction. (ECF No. 117.) The pre-filing restriction required him to seek and receive certification from a magistrate judge in this district or an attorney who is a member of the bar of this court that the claims asserted in any future filing are not frivolous, and that the suit is not brought for an improper purpose. (*Id.* at 7.) The Court later clarified that order, and revoked Petlechkov's e-filing privileges. (ECF No. 126.)

Petlechkov appealed the order dismissing his malpractice action and order imposing the pre-filing restriction separately. (ECF No. 129, 4.) The Sixth Circuit vacated the Court's order dismissing this case because it was premature, upheld the Court's prior decision to stay this action until the resolution of his latest coram nobis petition, and remanded the case for it to be held in abeyance pending the resolution of that matter. (*Id.* at 7-8.) The Sixth Circuit has not yet issued its mandate for that decision or ruled on the merits of Petlechkov's other appeal challenging the pre-filing restriction.

Petlechkov moves for the Court to issue an indicative ruling under Fed. R. Civ. P. 62.1(a)(3) that it would vacate the pre-filing restriction pursuant to Fed. R. Civ. P. 60(b)(1) and (5). (ECF No. 131, 1.) According to Petlechkov, the Court should vacate the pre-filing restriction before the Sixth Circuit assesses whether it is appropriate because the Sixth Circuit's vacatur of the order dismissing the malpractice action renders it unsupportable. (*Id.* at 5.) Petlechkov gives two arguments in support: (1) to impose a pre-filing restriction, the Court was required to find that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment"; and (2) the Sixth Circuit's "order and judgment made clear beyond any doubt that [his] malpractice claim was not frivolous or meritless. . . ." (*Id.* at 3. (quoting *Yank Corp. v. Lib. Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)).) To sweeten the deal, Petlechkov states that he will forego contempt proceedings against the Clerk of Court if his demands are met. (*Id.*) There are a few issues here.

First, Petlechkov appears to be mischaracterizing the rule from *Yank Corp.* That rule pertains to a district court's inherent authority to award fees under the bad faith exception to the American Rule regarding attorneys' fees. *See Yank Corp.,* 125 F.3d at 313. It does not apply to a Court's general inherent authority. The language Petlechkov omitted from the sentence he quoted, and the immediately preceding sentence make clear that this rule was cabined to that specific circumstance. *See id.* The Court did not award Stengel attorneys' fees, so this rule is inapplicable.[1]

Second, Petlechkov overreads the Sixth Circuit's order. The Sixth Circuit did not conclude that his claim was not frivolous or meritless. It only determined that the Court's

---

[1] Per the Sixth Circuit's decision addressing another district judge's imposition of a filing restriction on Petlechkov, the Court must "must [ ] justify its rationale sufficiently" and "identify a pattern of repetitive, frivolous, or vexatious filings." *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023), *reh'g denied*, No. 22-6043, 2023 WL 5498389 (6th Cir. July 6, 2023) (cleaned up). The Court did just that. (ECF No. 117, 3-4.)

dismissal of the action was premature because his appeal of the adverse coram nobis ruling is pending. (ECF No. 129, 7.) If anything, the Sixth Circuit's quotation of the Court's observations that Petlechkov has "brought numerous actions of questionable merit" and "repeatedly filed motions across his several cases that appear to have no other purpose but to harass the parties" suggests that it is amenable to the Court's rationale for imposing a pre-filing restriction. (*Id.* at 5-6.)

Notwithstanding the Court's premature dismissal of his malpractice claim, the basis for imposing a pre-filing restriction remains intact. The Motion for Indicative Ruling and to Vacate Pre-Filing Injunction and Related Orders is therefore **DENIED**.

**IT IS SO ORDERED**, this 29th day of July, 2025.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE